UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
FEDERAL TRADE COMMISSION,

                Plaintiff,

    -against-                         **ORDER**
                                            23 CV 6633 (MKB) (CLP)
KW TECHNOLOGY INC., *et al.*,

                Defendants.
--------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

On September 6, 2023, the Federal Trade Commission (the "FTC" or "plaintiff")
commenced this action against defendants KW Technology Inc. ("KW"), KW Technology NV
Inc. ("KW NV"), Gary Kong, and Timothy Wetzel, individually and as a chief executive officer
and chief technology officer of KW and co-owner of KW NV,[1] alleging violations of Sections
5(a)(1), 5(m)(1)(A), 12, 13(b), 16(a)(1), and 19 of the Federal Trade Commission Act ("FTC
Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 52, 53(b), 56(a)(1), and 57(b), and Section 1401 of
the COVID-19 Consumer Protection Act of the 2021 Consolidated Appropriations Act
("CCPA"), Pub. L. No. 116-260, 134 Stat. 1182, 3275-76 (2020).  (ECF No. 1).  Among other
things, the Complaint sought injunctive and monetary relief, along with civil penalties, based on
allegations that defendants had engaged in unfair or deceptive acts or practices in connection
with the sale of the 1 Virus Buster Invisible Mask, and disseminated false advertisements for the
purpose of inducing the purchase of such devices in violation of the FTC Act and the CCPA.
(Id.)

---

[1] On October 24, 2023, defendants KW, KW NV, and Gary Kong entered into a Stipulated Order for Permanent
Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief, and were dismissed from the case.  (ECF
No. 15).

Currently pending before this Court, on referral from the Honorable Margo K. Brodie, is defendant Wetzel's motion to dismiss based upon his medical conditions that make it difficult for him to participate in the ongoing litigation.  (ECF No. 35).  Also pending before this Court is a separate motion filed by defendant Wetzel, seeking sanctions against plaintiff's counsel for alleged "repeated and improper conduct in this case."  (ECF No. 37 at 1).  For the reasons set forth below, it is respectfully recommended that defendant's motions be denied.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to the Complaint, defendants marketed their "Invisible Mask" during the COVID-19 Pandemic, advertising it as a badge to be worn around the neck or on a lapel.  (ECF No. 1 ¶ 2).  Using websites, social media accounts, and YouTube, defendants claimed that by creating an invisible three-foot barrier, the Invisible Mask could prevent up to 98% of infections from COVID-19 and other viruses, bacteria, allergens, and pathogens.  (<u>Id.</u> ¶¶ 2-3). Defendants also claimed that various government agencies, such as the EPA and FDA, had approved the Invisible Mask or its materials, and even advertised using a fake "Certificate of Registration." (<u>Id.</u> ¶ 6).

The FTC alleges that although defendants claimed to have scientific evidence to back these assertions, defendants lacked any competent or reliable scientific evidence that the Invisible Mask could prevent COVID-19.  (<u>Id.</u> ¶ 3).  In July 2020, the FTC informed defendants that their claims about the Invisible Mask were unsubstantiated and deceptive and warned them to cease making such claims, a warning that defendants "blatantly ignored."  (<u>Id.</u> ¶¶ 4, 5).  Based on a price of $29.99, the FTC alleges that defendants generated at least $100,000 in gross revenues between March 2020 and September 6, 2023, the date the Complaint was filed.  (<u>Id.</u> ¶ 7).

Prior to filing suit, the FTC engaged in settlement discussions with defendant Wetzel, but he indicated that he was seeking counsel to review any proposed final order.  (ECF No. 31 ¶ 2).  When he had not retained counsel, the FTC filed suit, and on December 21, 2023, defendant Wetzel, proceeding *pro se*, filed an Answer to the Complaint.  (ECF No. 17).  Thereafter, the Court held several conferences in an effort to assist the parties in reaching a settlement.  Although defendant Wetzel initially indicated a willingness to consider a settlement, he indicated that he was seeking counsel's advice on certain provisions and that he had an attorney who was going to work with him.  (ECF No. 31 ¶¶ 4, 5, 7).  In July 2024, settlement discussions broke down, with the defendant requesting certain documents from the FTC.  (Id. ¶ 5).  The Court granted that request and directed plaintiff to provide documents relating to Wetzel's involvement in the alleged scheme, which the FTC provided.  (Id. ¶ 6).

However, by "Motion for Delay," dated August 30, 2024, defendant Wetzel requested a 90-day stay in the proceedings due to certain medical conditions that made it difficult for him to walk more than a few feet and medications that impaired his cognitive functions.  (ECF No. 30).  The FTC filed an opposition to the Motion, arguing that it was "yet another delay tactic . . . to avoid settlement or litigation."  (ECF No. 31 ¶ 1).  On September 17, 2024, this Court Ordered defendant by October 1, 2024, to supplement his request with a letter from his doctor, confirming his health status.  (ECF No. 32).

On October 9, 2024, when defendant Wetzel had failed to file a doctor's note by the deadline set by the Court, the Court, *sua sponte*, extended the deadline to October 21, 2024 for defendant to file the doctor's note.  (ECF No. 33).  Rather than provide a doctor's letter, defendant, proceeding *pro se*, filed the pending Motion to Dismiss and Notice of Change of Address on October 31, 2024.  (ECF No. 35).  That same day, the Court ordered defendant to

supply a doctor's note in connection with the motion to dismiss by November 8, 2024.  (ECF No. 36).  On November 11, 2024, instead of supplying a doctor's note, defendant submitted a second *pro se* motion, this time seeking sanctions against plaintiff's counsel.  (ECF No. 37).

DISCUSSION

A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b) details how defenses to a claim are to be asserted, including defenses based on lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service, failure to state a claim, and failure to join a party under Rule 19.  Fed. R. Civ. P. 12(b)(1)–(7).  The Rule provides that a "motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).

In moving to dismiss, defendant Wetzel does not rely on any of these stated defenses, instead asserting that due to his health conditions, he seeks "compassionate consideration for dismissal of the complaint as a measure to reduce stress and assist in his healing."  (ECF No. 35 at 2).  Apart from the fact that the Federal Rules do not provide a basis for dismissal of a complaint on the basis of a defendant's health, the FTC objects to his request for dismissal, arguing that it is not only procedurally untimely given that his answer was filed more than a year ago, but it also lacks a legal basis to support dismissal.  (ECF No. 40 at 4-5).

To the extent that defendant's motion could be generously construed as falling within one of the seven categories outlined above, plaintiff is correct that any motion to dismiss must be filed before the responsive pleading is filed.  Here, because the defendant filed an Answer to the Complaint, any motion to dismiss based on any of the seven categories listed in Rule 12(b) is untimely.  See Cost Cutting Consultant, Inc. v. Parcel Mgmt. Auditing & Consulting Inc., No. 19 CV 3756, 2022 WL 992087, at *10 (E.D.N.Y. Mar. 31, 2022); Moore v. Shahine, No. 18 CV 463,

2019 WL 948349, at *2 (S.D.N.Y. Feb. 27, 2019).  Accordingly, to the extent that defendant

seeks to dismiss the action against him, it is respectfully recommended that the motion to dismiss

be denied.

However, liberally construing the motion in favor of the defendant, who is proceeding

*pro se*, the Court concludes that what defendant Wetzel is actually seeking is a stay of the

proceedings based on his health.  It is well established that the decision to grant a stay is within

the discretion of the Court.  See City of New York v. B.L. Jennings, Inc., 219 F.R.D. 255, 256

(E.D.N.Y. 2004).  While the defendant has described several serious health conditions that he is

currently facing and claims an inability to proceed in the case due to these medical issues, he was

able to file the instant motion on October 21, 2024, and the related motion for sanctions, which

he filed on November 15, 2024.  (ECF Nos. 35, 37).  In denying the plaintiff's request for a stay

due to health issues, the court in Ahmad v. East Ramapo Central School District relied on the fact

that despite his health issues, the plaintiff had filed two motions:  "Plaintiff's [health] condition

ha[d] not prevented him from filing [the motion under consideration] and another lengthy

motion."  No. 09 CV 1440, 2018 WL 3222543, at *1 (S.D.N.Y. July 2, 2018).

Here, not only has defendant Wetzel managed to file two separate motions despite his

health conditions, he still has failed to provide any doctor's note or medical corroboration for his

claimed health concerns despite the Court's four Orders directing the filing of supporting

paperwork and several extensions of time to do so.  The November 21, 2024 Order explicitly

stated that if he did not provide a doctor's note by November 27, 2024, the motion for a stay

would be denied.  (ECF No. 38).  Rather than comply with that Order, defendant filed this

motion and the motion for sanctions.  Moreover, since the filing of the motions, almost four

months have passed and still no doctor's note has been provided.

In the absence of any independent medical information corroborating defendant's medical conditions and indicating an inability to proceed with the instant action, the Court denies any further request for a stay.  As the court in <u>Ahmad</u> noted, given that defendant's ability to submit fully briefed motions was not hampered by his health conditions, there is no "compelling" reason to stay the proceedings. <u>Ahmad v. White Plains City Sch. Dist.</u>, No. 18 CV 3416, 2019 WL 13255509, at *1 (S.D.N.Y. Jan. 9, 2019) (discussing denial of stay in plaintiff's other proceeding, <u>Ahmad v. East Ramapo Central School District</u>, and denying similar stay). Accordingly, the Court respectfully recommends that defendant's motion, to the extent he may be requesting a further stay of the proceedings, also be denied and that defendant be Ordered to proceed or risk entry of default.

B.  <u>Motion for Sanctions</u>

In a separate motion filed November 15, 2024, defendant Wetzel asks the Court to impose sanctions against plaintiff's counsel "for repeated and improper conduct in this case, including the ongoing use of inadmissible evidence, ignoring all statutes and laws for the governments [sic] enrichment, damaging permanently any and all opportunity for a fair hearing and displaying a prejudice against past convictions and background information with the intent to gain an edge by unmeasurable and gross negative damage resulting in a negative influence which results in a bias in of [sic] evidence, opinion and misstated facts."  (ECF No 37 at 1-2). Specifically, defendant Wetzel complains that plaintiff's counsel has "emphasized" defendant's past criminal conviction which is "decades old" and has no bearing on the case.  (<u>Id.</u> at 2). Defendant argues that because any conviction over 10 years old is inadmissible, counsel's reference to it "goes beyond mere defamation; it is a deliberate and calculated attempt at

character assassination" aimed at prejudicing defendant's credibility and standing before the Court. (Id. at 3).

Defendant further asserts that plaintiff's counsel has withheld critical discovery documents, providing only a limited set that "is largely irrelevant to [defendant's] defense." (Id. at 4). Defendant contends that not only has counsel's failure to comply with her discovery obligations violated the Federal Rules of Civil Procedure, but it constitutes a violation of his civil rights and denies him an opportunity to scrutinize the evidence against him. (Id.)

Defendant contends that he has a strong basis for asserting that counsel's conduct is unlawful and has caused significant, irreparable harm to defendant's personal and professional life. (Id.) He contends that counsel's "blatant disregard" for legal standards and ethical conduct raises questions about her integrity, and that it is in the public interest to issue a sanction against her conduct in the amount of $50,000 for referencing his criminal conviction and $50,000 for her refusal to provide discovery documents. (Id. at 2, 5-6).

In response to defendant's motion for sanctions based on plaintiff's counsel's alleged failure to comply with discovery obligations, plaintiff's counsel contends that defendant has failed to follow the steps governing discovery as set forth in Federal Rule of Civil Procedure 37(a)(1) and Local Rules 37.1 and 37.2 of the Local Rules of the Southern and Eastern Districts of New York. (ECF No. 41 at 2). Specifically, plaintiff notes that defendant has not certified that he attempted to meet and confer prior to filing the motion, nor has he identified the discovery requests at issue. (Id. at 2-3). Moreover, counsel represents that after defendant sought discovery, plaintiff produced documents on August 21, 2024, and heard no complaints about the production until defendant filed the instant motion three months later, on November 12, 2024. (Id. at 5). When counsel received the motion, she immediately sent an email in response offering

7

to set a time to discuss defendant's concerns, but no response was ever provided by defendant. (Id.)  Counsel contacted defendant in writing on five occasions, but defendant responded that he "'found no value'" in discussing the issues with the FTC.  (Id. at 5-6).

As for the reference to defendant's criminal history during a settlement conference with this Court, counsel contends that defendant's motion fails to demonstrate that these references were either improper or sanctionable.  (Id. at 3).  To the contrary, counsel contends that a defendant's prior similar history may be a factor in determining the civil penalty owed pursuant to 15 U.S.C. § 45(m), and the history is relevant to the issue of injunctive relief.  (Id.) Specifically, counsel notes that during the settlement discussions held on July 9, 2024, defendant Wetzel expressed certain concerns regarding language in the proposed settlement final order.  (Id. at 4).  The information relating to defendant's prior history was conveyed in an effort to explain why the FTC was seeking significant penalties and injunctive relief.  (Id.)  Accordingly, plaintiff's counsel represents that there was no improper purpose in mentioning the prior conviction in connection with a discussion of the FTC's desired settlement.  (Id. at 4).

Having considered the parties' respective submissions, the Court denies plaintiff's motion for sanctions.  With respect to plaintiff's allegedly deficient responses to defendant's requests, the Court is not in a position to consider this aspect of the motion because defendant has not identified a single discovery request that he claims was not responded to nor has he set forth any responses that he claims were deficient.  Rule 37.1 requires a party seeking assistance with discovery to "first list verbatim the document request or interrogatory which was served on opposing counsel, followed then by opposing counsel's verbatim response to the particular request, and ultimately followed by the particularized objection(s) counsel is raising and the basis for the objection."  New Falls Corp. v. Soni, No. 18 CV 2768, 2020 WL 2836790, at *3

(E.D.N.Y. May 29, 2020).  The Rule makes it clear that in order for the Court to consider any

motion to compel production of discovery, the person seeking the discovery must be specific in

detailing what documents are requested and explaining why the production received is deficient.

In this case, without any information whatsoever as to the documents defendant Wetzel

believes were not produced, the Court must deny the motion for sanctions at this time.  If

defendant believes that there are documents responsive to his requests that have not been

produced, he is directed to confer with plaintiff's counsel and detail which documents he

believes are still owed.

As for his request for sanctions, defendant relies on an evidentiary rule to argue that

plaintiff's counsel acted improperly in referencing his prior criminal conviction.  At this point,

there is no trial or proceeding at which the Rules of Evidence would apply.  Moreover, the

discussion of the prior history was offered in the context of explaining a settlement posture.  The

Court finds that counsel's reference was relevant and not used for the purpose of attacking

defendant's credibility or standing with the Court.  Accordingly, it is respectfully recommended

that the defendant's request for sanctions based on counsel's reference to plaintiff's history is

denied.

<u>CONCLUSION</u>

Accordingly, for all the reasons set forth above, the Court respectfully recommends that

defendant's motions to dismiss and for sanctions (ECF Nos. 35, 37) be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the

Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.  <u>See</u> 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); <u>see also</u> Fed. R. Civ. P. 6(a) (providing the method

for computing time).  Failure to file objections within the specified time waives the right to

appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.  A copy of this Report and Recommendation will be mailed to the *pro se* defendant by the Court.

**SO ORDERED.**

Dated: Brooklyn, New York
       August 25, 2025                    /s/ Cheryl L. Pollak
                                          Cheryl L. Pollak
                                          United States Magistrate Judge
                                          Eastern District of New York