UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
FEDERAL TRADE COMMISSION,

                Plaintiff,                    **ORDER**
                                                        23-CV-6633 (MKB) (CLP)

            v.

KW TECHNOLOGY INC., KW TECHNOLOGY
NV INC., GARY KONG, and TIMOTHY
WETZEL

                Defendants.
-------------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

        Plaintiff Federal Trade Commission ("FTC") commenced the above-captioned action on September 6, 2023, against Defendants KW Technology Inc. ("KW"), KW Technology NV Inc. ("KW NV"), Gary Kong, individually and as president of KW and co-owner and president of KW NV, and Timothy Wetzel, individually and as a chief executive officer and chief technology officer of KW and co-owner of KW NV, alleging violations of 15 U.S.C. §§ 45(a), 45(m)(1)(a), 52, 53(b), 56(a)(1), and 57(b) ("FTC Act"), section 1401 of the COVID-19 Consumer Protection Act of the 2021 Consolidated Appropriations Act, Pub. L. No. 116-260, 134 Stat. 1182, 3275–76 (2020) ("CCPA").[1]  (Compl., Docket Entry No. 1.)

        On October 31, 2024, Wetzel moved to dismiss the Complaint, (Wetzel's Mot. to Dismiss ("Wetzel's Mot."), Docket Entry No. 35) and on November 15, 2024, Wetzel filed a separate motion seeking sanction s against Plaintiff's counsel for alleged "repeated and improper

---

[1] On October 24, 2023, KW, KW NV, and Gary Kong settled and were dismissed from the action.  (*See* Stipulated Order for Permanent Inj., Monetary J., Civil Penalty J., and Other Relief, Docket Entry No. 15.)

conduct in [the] case." (Wetzel's Mot. for Sanctions 1, Docket Entry No. 37.) On December 12, 2024, the Court referred Wetzel's motion to dismiss to Magistrate Judge Cheryl L. Pollack for a report and recommendation. (Order dated December 12, 2024.) By report and recommendation dated August 25, 2025, Judge Pollack recommended that the Court deny Wetzel's motion to dismiss and motion for sanctions (the "R&R"). (R&R, Docket Entry No. 43.) For the reasons discussed below, the Court adopts the R&R and denies Wetzel's motion to dismiss and motion for sanctions.

## I. Background

On August 30, 2024, Wetzel filed a motion to continue, requesting a 90-day stay in the action because of "serious medical conditions" that were causing issues with walking and breathing. (Wetzel's Mot. to Continue, Docket Entry No. 30.) The FTC opposed the motion and argued that "it appear[ed] to be yet another delay tactic for . . . Wetzel to avoid settlement or litigation of this action that he has clearly intertwined with his claim to have difficulties communicating with counsel." (Pl.'s Opp'n to Wetzel's Mot. to Continue 2, Docket Entry No. 31.) On September 17, 2024, the Judge Pollack ordered Wetzel "to supplement his [motion] requesting a stay of the proceedings with a letter from his doctor confirming his health status by October 1, 2024." (Order dated September 17, 2024 (emphasis omitted).) Wetzel failed to file a doctor's letter by the deadline and on October 9, 2024, Judge Pollack entered an order extending the deadline to file a doctor's letter to October 21, 2024. (Order dated October 9, 2024 (emphasis omitted).) Wetzel did not file the doctor's letter and on October 31, 2024, Wetzel filed the current motion to dismiss. (Wetzel's Mot.) On the same day, Judge Pollack ordered Wetzel to submit a doctor's note to the Court by November 8, 2024. (Order dated October 31, 2024 (emphasis omitted).) Wetzel did not file a doctor's note and on November 15, 2024,

Wetzel filed his motion seeking sanctions against plaintiff's counsel. (Wetzel's Mot. for Sanctions.)

No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Burke v. Hous. & Servs., Inc.,* No. 23-635, 2024 WL 2207054, at *1 (2d Cir. May 16, 2024) (quoting *Smith*, 782 F.3d at 102)*, cert. denied,* 145 S. Ct. 1962 (2025); *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (internal quotation marks omitted) (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their

3

failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

For the foregoing reasons, the Court denies Wetzel's motion to dismiss and motion for sanctions.

Dated: September 17, 2025
　　　 Brooklyn, New York

　　　　　　　　　　　　　　　　　　　SO ORDERED:


　　　　　　　　　　　　　　　　　　　　　s/ MKB
　　　　　　　　　　　　　　　　　　　MARGO K. BRODIE
　　　　　　　　　　　　　　　　　　　United States District Judge

4